UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN ROBINSON,
MENOMENEE ORME,

        Plaintiffs,                            Civil Action No. 20-cv-10502

v.                                                Honorable Matthew F. Leitman
                                                    Magistrate Judge David R. Grand

KATRINA COLEMAN, 7th CIRCUIT
PROBATION DEPARTMENT,
MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART MDOC AND KATRINA COLEMAN'S MOTION TO STRIKE AND MOTION TO DISMISS (ECF No. 25) AND TO *SUA SPONTE* DISMISS THE GENESEE COUNTY 7TH CIRCUIT COURT PROBATION DEPARTMENT PURSUANT TO 28 U.S.C. § 1915(e)**

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983 by (ostensibly)[1] plaintiffs Calvin Robinson ("Robinson") and Menomenee Orme ("Orme").[2] On February 27, 2020, the complaint was filed in this Court against Katrina Coleman, the Genesee 7th Circuit Court Probation Department, and the Michigan Department of Corrections ("MDOC") alleging violations of the Eighth and Fourteenth Amendments to the United States Constitution, violation of Michigan's Wrongful Imprisonment Compensation Act ("WICA"), M.C.L. § 691.1751, as well as claims of libel and slander.[3] (ECF No. 1, PageID.6.) The Court entered an Order of Reference

---

[1] As discussed in greater detail below, numerous factors suggest that the only true plaintiff in this case is Robinson.

[2] In his complaint, Robinson references 42 U.S.C. § 1998 as his basis for federal question jurisdiction in this case. (ECF No. 1, PageID.7.) Given the nature of his allegations, however, it is clear that Robinson is actually attempting to plead claims for civil rights violations under 42 U.S.C.§ 1983. Thus, the Court will construe his action under that statute.

[3] Although Robinson filed an amended complaint on May 6, 2020, this document contained no

on September 25, 2020, referring all pre-trial matters to the undersigned for hearing and determination of all non-dispositive matters and report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1).

On October 14, 2020, Coleman and the MDOC ("the MDOC Defendants") filed a Motion to Strike and to Dismiss. (ECF No. 25.) The MDOC Defendants raise three distinct issues. First, the MDOC Defendants argue that pursuant to Federal Rule of Civil Procedure 11(1)(a), the Court should strike Orme from the complaint because she did not sign it. (ECF No. 25, PageID.68-69.) Second, the MDOC Defendants argue that Robinson fails to show how Coleman was personally involved in any unconstitutional conduct. (ECF No. 25, PageID.69-72.) Last, they argue that the suit is barred against the MDOC and Coleman, in her official capacity, under the Eleventh Amendment. (ECF No. 25, PageID.72-73.) Robinson responded on November 9, 2020 (ECF No. 30), and the MDOC Defendants replied (ECF No. 33).

**I.      RECOMMENDATION**

For the reasons stated below, the Court **RECOMMENDS** that the MDOC Defendants' Motion to Strike and to Dismiss (**ECF No. 25**) be **GRANTED IN PART AND DENIED IN PART**, the Genesee County 7th Circuit Court Probation Department be **DISMISSED** *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2), and that the Court decline to exercise supplemental jurisdiction over Robinson's state law claims of libel and slander.

---

factual allegations; rather, it merely indicated that Robinson wanted to amend "my federal lawsuit" to add "Genesee County Jail/Deputy's [sic] to my claim . . ." (ECF No. 8.) Subsequently, however, Robinson sought to dismiss his claims against this entity (ECF No. 17), and that request was granted. (ECF No. 20.) Thus, the Court will focus its analysis on the factual allegations in Robinson's original complaint.

2

## II.    REPORT

### A.    Background

Although far from clear, it appears that sometime prior to July 29, 2019, Menomenee Orme was sentenced in the Genesee 7th Circuit Court to a term of probation. On July 29, 2019, she had a probation hearing that Robinson also attended. (ECF No. 1, PageID.5.) Robinson alleges that Coleman, Orme's probation officer, "made [a] knowingly false statement" as to Orme's compliance with probation that resulted in Orme being sentenced to "180 days." (*Id*.) Subsequently, on August 14, 2019, Robinson met with Coleman at her office, and attempted to demonstrate that Orme had complied with the terms of her probation. (*Id*.) He claims that he asked to speak to Coleman's supervisor, and Coleman told him to leave. (*Id*.) He claims that he complied with this request. (*Id*.) Robinson, who apparently was also on probation at this time, alleges that Coleman then emailed his probation officer, and claimed that Robinson's behavior during the meeting was aggressive. (*Id*.) Robinson alleges that he was charged with a probation violation as a result of Coleman's email. (*Id*.) However, the violation charge against Robinson was ultimately dismissed. (ECF No. 31, PageID.95.)

The instant action was filed on February 27, 2020. Although Robinson and Orme are identified as plaintiffs in the first two pages of the complaint, only Robinson signed the complaint, and the Civil Cover Sheet identifies Robinson as the only plaintiff. (*Id.*, PageID.1-2, 6-7.). Now before the Court is the MDOC Defendants' Motion to Strike and to Dismiss. (ECF No. 25.)

### B.    Standards of Review

#### 1.    *Motion to Strike*

Federal Rule of Civil Procedure 11(a) provides:

> Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party

3

> personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. Pro. 11(a).

### 2. *Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6)*

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a

complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

When a court is presented with a motion testing the sufficiency of a complaint, "it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

2. 28 U.S.C. § 1915(e)

Under the *in forma pauperis* statute, a court must "dismiss the case at any time if the court determines that … the action or appeal … fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). This "provision is applicable throughout the entire litigation process, and [a] case that may not initially appear to meet § 1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section." *Coleman v. Gullet*, No. 12-10099, 2012 WL 5986779, at *9 (E.D. Mich. Sept. 4, 2012) (internal quotations omitted). Fed. R. Civ. P. 12(b)(6) standards govern dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *Id*. A court dismissing a plaintiff's claims against moving defendants may *sua sponte* dismiss non-moving defendants as well where "it is clear that the same ruling would

5

inevitably apply to each of the defendants." *Rose v. Arkansas Valley Envtl. & Utility Auth.*, 562 F. Supp. 1180, 1189 n. 11 (W.D. Mo. 1983).

    **C.**    **Analysis**

        *1.*    *Motion to Strike pursuant to Fed. R. Civ. P. 11(1)(a)*

The MDOC Defendants ask the Court to strike Menomenee Orme from the complaint because she did not sign it. Even under a liberal review of the complaint and other filings in this case, the Court agrees with the MDOC that Orme is not a proper plaintiff in this action, and thus she should be stricken from the complaint.

With regard to unrepresented parties, the signature requirement of Rule 11(a)(1) provides the Court a method to determine whether "all the plaintiffs subscribed to a particular filing or whether [one plaintiff] acted on his own authority." *See Garrison v. Michigan Dept. of Corrections*, 333 Fed. Appx. 914, 918 (6th Cir. 2009). Here, there is no dispute that Orme did not sign the complaint. (ECF No. 1, PageID.6.) Moreover, the Civil Cover Sheet states that the only plaintiff in the case is Robinson, and it, like the complaint itself, bears only his signature. (*Id.*, PgeID.6-7.) Substantively, as well, Orme does not belong in this case. The complaint is drafted in such a way that it is not even clear Orme is asserting any claims. It is written in the first person from Robinson's point of view, and references a violation of "my" constitutional rights. (ECF No. 1, PageID.5-6.) Finally, despite the fact that this aspect of the MDOC Defendants' instant motion was directed at Orme, she did not file a response.

Instead, *Robinson* filed a response that bears only *his* signature. (ECF No. 30.) In it, he asks the Court to take notice that "THE COMPLAINT WAS AMENDED WITH MENOMEE ORME [sic] SIGNATURE ON THE PLEADING . . ." (*Id.*, PageID.90.) However, the document on which Robinson relies also supports the Court's reasoning. As noted above, this document

6

merely indicated that *Robinson* wanted to amend "*my* federal lawsuit" to add "Genesee County Jail/Deputy's [sic] to *my* claim . . ." (ECF No. 8) (emphasis added.) Thus, not only does the document have nothing to do with Orme, it confirms the Court's interpretation that this action asserts claims only on behalf of Robinson. Moreover, it appears that the document was sent by Robinson while he was in jail, and, contrary to his assertion, it only bears Orme's *name*, not her *signature*. (*Id.*, PageID.27.)

In opposing the MDOC Defendants' motion, Robinson also filed a document entitled, "Plaintiff(s) [sic] Claim against Defendant(s)." (ECF No. 31.) This document, too, supports the Court's analysis. Robinson asserts, "I [t]he Plaintiff Calvin Robinson is suing Agent Coleman *for the wrongful imprisonment of the mother of my children* [Orme] and her gross negligence towards me, causing Menomenee Orme and I [sic] State, Federal and Constitutional Rights to be violated." (*Id.*, PageID.93.) While Robinson may assert *his* own claims, he has no standing to assert any claims Orme may have where he has not shown she is unable to protect her own interests. *See Powers v. Ohio*, 499 U.S. 400, 411 (1991) (a litigant may assert the rights of a third party only where (1) the litigant himself has suffered an injury in fact; (2) the litigant has a "close relation" to the third party; and (3) there exists a hindrance to the third party's ability to protect his or her own interests); *Allen v. Wright*, 468 U.S. 737, 751 (1984) (noting the "general prohibition on a litigant's raising another person's legal rights").

For all of these reasons, to the extent the MDOC Defendants ask the Court to strike Orme as a plaintiff to this action, their motion (ECF No. 25) should be granted and Orme's claims should be dismissed without prejudice.

> 2. *Motion to Dismiss under Fed.R.Civ.P. 12(b)(6)*
>
> > a. *MDOC and Coleman in her Official Capacity*

The United States Supreme Court has long held that the Eleventh Amendment bars suit against a state and its agencies in federal court absent the state's consent. *Hans v. Louisiana*, 134 U.S. 1, 10 (1890); *see Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996) (reaffirming *Hans*). This immunity is extended to state officials sued in their official capacity for monetary damages since the action, in essence, is one for recovery of money from the state. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Additionally, § 1983 does not abrogate Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 343 (1979). Thus, a § 1983 claim for monetary relief against a state official sued in her official capacity or a state agency is barred by the Eleventh Amendment. *Edelman*, 415 U.S. at 663. Eleventh Amendment immunity clearly applies to claims for monetary damages against the MDOC and MDOC employees in their official capacities. As the Honorable Robert H. Cleland recently explained:

> Plaintiff's complaint against certain defendants must be dismissed, in part, based on immunity. Plaintiff sues the MDOC and several MDOC defendants in their official capacities for monetary damages. The Eleventh Amendment, however, bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). Additionally, Eleventh Amendment immunity applies to state employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Thus, Plaintiff's claims for monetary damages against the MDOC and MDOC employees sued in their

> official capacities must be dismissed because these defendants are entitled to Eleventh Amendment immunity. *See Johnson*, 357 F.3d at 545.

*J.R. Pettway v. Michigan Dept. of Corrections*, No. 19-11201, 2019 WL 2369281, at *2 (E.D. Mich. June 5, 2019). *See also McCoy v. Michigan*, 369 F.App'x. 646, 653–54 (6th Cir. 2010).

For these reasons, the MDOC Defendants are entitled to dismissal of Robinson's official capacity claims against them.

### b. Coleman in her Personal Capacity

The MDOC Defendants argue that Robinson's complaint fails to adequately allege Coleman's "personal involvement" in a constitutional violation, what his "theory of relief" is, and "what [] the alleged damages are." (ECF No. 25, PageID.71-72.) While Robinson's complaint is difficult to decipher, in light of the liberal review standards that apply, the MDOC Defendants' argument lacks merit.

Robinson alleges that Coleman intentionally lied to his probation officer about his conduct, and that this resulted in Robinson being charged with a probation violation and facing the possibility of his probation's revocation. Robinson provides the date when the alleged conduct occurred (August 14, 2019), the approximate date when his probation agent advised him of the allegations Coleman was making against him ("a couple [of] weeks later"), how Colman advised Robinson's probation agent (via email), the specific allegation Coleman made against him (that he behaved "aggressive[ly] toward [Coleman]"), and the fact that Coleman's allegedly false assertion resulted in him being subjected to a probation violation charge. (ECF No.1, PageID.5.) Robinson asserts that as a result of having to face down this false probation violation charge, on which he ultimately prevailed, he is entitled to $500,000.00 in monetary relief. (ECF No. 1, PageID.5.)

The MDOC defendants did not argue that such allegations cannot satisfy the elements of Robinson's constitutional claims, and instead merely made vague reference to legal principles that

9

are inappropriate, such as that a state actor cannot be liable under Section 1983 for failing to act, and that there is no "supervisory" or *respondeat superior* liability under Section 1983. (ECF No. 25, PageID.70-71.) As these legal principles have no application here, the MDOC Defendants are entitled to no relief based on their "lack-of-personal-involvement" argument. Accordingly, this aspect of their instant motion should be denied.

### 3. Orme's Constitutional Claims are Subject to Dismissal

Although the Court is recommending that Orme be stricken as a plaintiff in this case, even if she could cure the defects underlying that recommendation, her claims would still be subject to dismissal. The law is clear that a person convicted of a crime may not use § 1983 as a vehicle for challenging the underlying state court criminal proceedings. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Specifically, in *Heck*, the Court held:

> [I]n order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck, supra* at 486-87 (footnote omitted).

"The *Heck* doctrine applies to probation revocation[ ] decisions." *Kinard v. Eagan*, No. 18-CV-10595, 2018 WL 2363977, at *2 (E.D. Mich. May 24, 2018) (quoting *McBride v. O'Brien*, 646 Fed.Appx. 277, 278 (3d Cir. Apr. 13, 2016)).

Here, the complaint alleges that Orme was convicted of violating her probation and sentenced to 180 days in jail. (ECF No. 1, PageID.5.) Orme has not asserted that her conviction for the probation violation was terminated in her favor. Thus, in order to grant damages in this

case, this Court would have to invalidate Orme's state court conviction on the probation charge. *Kinard*, 2018 WL 2363977, at *2. Such a result is precisely what *Heck* does not permit, and Orme's constitutional claims based on her probation charge, conviction, and sentence are not properly before the Court and should be dismissed.[4]  *Id.*

        3.     *Dismissal pursuant to 28 U.S.C. § 1915(e)(2)*

Robinson's Wrongful Incarceration Compensation Act claim, as well as his claims asserted against the Genesee County 7th Circuit Probation Department are all subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2).

First, this Court has no jurisdiction to hear Robinson's claim under the Wrongful Incarceration Compensation Act, M.C.L. § 691.1751, *et seq.* WICA provides, in relevant part, "An individual convicted under the law of this state and subsequently imprisoned in a state correctional facility for 1 or more crimes that he or she did not commit may bring an action for compensation against this state *in the court of claims* as allowed by this act." M.C.L. § 691.1753 (emphasis added).

Nor can he maintain his constitutional claims against the Genesee County 7th Circuit Probation Department. A plaintiff bringing suit under Section 1983 must demonstrate that the alleged violation was committed by a "person" acting under the color of state law. 42 U.S.C. § 1983. The law is clear that entities such as state court probation departments are not legally

---

[4] The analysis differs as to Robinson. Unlike Orme, it appears that when Robinson filed the complaint, he was still awaiting trial on the charges against him. (ECF No. 1, PageID.8.) *Heck* has been extended to apply to state charges that are *pending* against an individual. *See Walden v. Murrell*, No. 19-00621, 2019 WL 5783671, at *3 (M.D. Tenn. 2019). In *Walden*, the district court stated, "[w]here a Section 1983 claim is 'related to rulings that will likely be made in a pending or anticipated criminal trial [ ],' it is within the court's power and 'in accord with common practice' to stay the cause 'until the criminal case or the likelihood of a criminal case has ended.'" *Id.* at *3. However, in one of his more recent filings, Robinson notes that the probation violation charge against him has been dismissed. (ECF No. 31.)

11

separate from the municipalities or states, and therefore are not "persons" subject to suit under Section 1983. *See e.g., Duffy v. County of Bucks*, 7 F. Supp. 2d 569, 579 (E.D. Pa. 1998) ("The Probation Department is not a proper defendant under § 1983 because it has no legal identity separate from Bucks County; it is not a 'person' under § 1983"); *Cruz v. Cuyahoga Cty. Prob. Dep't*, No. 1:17 CV 765, 2017 WL 3425288, at *2 (N.D. Ohio Aug. 8, 2017) ("the Probation Department is not a proper Defendant. It is not *sui juris*, meaning, it is not a legal entity capable of suing or being sued. Instead, it is a subunit of Cuyahoga County."); *Plummer v. Detroit Police Dep't*, No. 2:17-CV-10457, 2017 WL 1091260, at *4 (E.D. Mich. Mar. 23, 2017) (holding that the Detroit Police Department and the 36th District Court are not "persons" for purposes of § 1983 and thus cannot be sued under that statute).

For all of these reasons, Robinson fails to state a claim upon which relief may be granted under WICA and against the Genesee County 7th Circuit Probation Department. 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, his WICA claim and his claims against the Genesee County 7th Circuit Probation Department should be dismissed from this case.

### 4. *Libel and Slander*

Finally, the Court should decline to retain supplemental jurisdiction over Robinson's state law claims of libel and slander, which are at best only tangentially related to the sole remaining claim in this case. *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (noting that 28 U.S.C. § 1367 "grants a district court broad discretion to decide whether to exercise jurisdiction over state-law claims" where the jurisdictional basis is grounded in federal law claims). Those claims should accordingly be dismissed without prejudice.

### III. CONCLUSION

For the reasons stated below, the Court **RECOMMENDS** that the MDOC Defendants'

Motion to Strike and to Dismiss **(ECF No. 25)** should be **GRANTED IN PART AND DENIED IN PART**. Menomenee Orme should be stricken as a plaintiff in this case, and her claims should otherwise be **DISMISSED WITHOUT PREJUDICE**. Robinson's claims should all be **DISMISSED**, except that his constitutional claims against Coleman in her individual capacity should survive at this stage of the case.

Dated: January 29, 2021　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

   The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 29, 2021.

                s/Eddrey O. Butts
                EDDREY O. BUTTS
                Case Manager