UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN ROBINSON and
MENOMENEE ORME,

    Plaintiffs,

v.

KATRINA COLEMAN, *et al.*,

    Defendants.
_____/

Case No. 20-cv-10502
Hon. Matthew F. Leitman

**ORDER (1) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 35), (2) OVERRULING DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION (ECF No. 42), AND (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (ECF No. 25)**

On February 27, 2020, Plaintiffs Calvin Robinson and Menomenee Orme filed this action under 42 U.S.C. § 1983 against Defendants Katrina Coleman, the Genesee County 7th Circuit Court Probation Department (the "Probation Department"), and the Michigan Department of Corrections (the "MDOC"). (*See* Compl., ECF No. 1.) Robinson and Orme bring claims for libel, slander, violations of their Eighth and Fourteenth Amendment rights, and violation of Michigan's Wrongful Imprisonment Compensation Act ("WICA"), Mich. Comp. Laws § 691.1751. (*See id.*) Coleman and the MDOC moved to dismiss. (*See* Mot. to Dismiss, ECF No. 25.) The assigned Magistrate Judge then issued a report and

1

recommendation in which he recommended granting the motion in part, denying the motion in part, and dismissing the claims brought against the Probation Department (the "R&R"). (*See* R&R, ECF No. 35.) Coleman and the MDOC have now filed an objection to the R&R. (*See* Objection, ECF No. 42.) For the reasons explained below, the objection is **OVERRULED,** and the Court adopts the recommended disposition of the R&R.

## I

### A

This action arises out of an incident on August 14, 2019, when Robinson met with Coleman. (*See* Compl., ECF No. 1, PageID.5.) Coleman is Orme's probation officer, and she had recently testified at a hearing where Orme had been sentenced to 180 days in prison for violating the terms of her probation. (*See id.*) Robinson says that he asked for that meeting so he could explain to Coleman that Orme had not actually violated the terms of her probation. (*See id.*) At some point during the meeting, Coleman asked Robinson to leave, and Coleman later emailed her supervisor and said that Robinson's behavior during the meeting had been aggressive. (*See id.*) Robinson claims that as a result of Coleman's email, he was charged with violating his probation. (*See id.*) Robinson and Orme now bring claims for libel, slander, violation of WICA, and violations of their constitutional rights. (*See id.*, PageID.6.)

While the Complaint is brought in both Robinson's and Orme's names, only Robinson signed the Complaint. (*See id.*) In addition, only Robinson's name appears on the Civil Cover Sheet. (*See id.*, PageID.7.)

**B**

On October 14, 2020, Coleman and the MDOC moved to dismiss the claims brought against them. (*See* Mot. to Dismiss, ECF No. 25.) Coleman and the MDOC raised three primary arguments in their motion: (1) the Court should strike Orme from the Complaint and/or dismiss her claims because Orme failed to sign the Complaint (*see id.*, PageID.68-69); (2) the Court should dismiss Robinson's claims against Coleman because Robinson had failed to "show how [Coleman] was personally involved in any unconstitutional conduct" and failed to allege how her "alleged lies damaged Robinson in any way" (*id.*, PageID.69-72); and (3) the Court should dismiss all of Robinson's claims brought against Coleman and the MDOC in their official capacities (*see id.*, PageID.72-73).

**B**

Coleman's and the MDOC's motion was referred to the assigned Magistrate Judge. On January 29, 2021, he issued the R&R in which he recommended that the Court grant the motion in part, deny the motion in part, decline to exercise supplemental jurisdiction over Robinson's libel and slander claims, and *sua sponte*

dismiss the claims brought against the Probation Department (the "R&R"). (*See* R&R, ECF No. 35.)

First, the Magistrate Judge recommended dismissing the claims brought by Orme because Orme did not "belong in this case." (*Id.*, PageID.128.) He explained that because the allegations in the Complaint were "written in the first person from Robinson's point of view," it was "not even clear [whether] Orme [was] asserting any claims." (*Id.*) He further pointed out that Orme had not only failed to sign the Complaint, but she also did not respond to Coleman's and the MDOC's motion to dismiss. (*See id.*) He therefore recommended that the Court strike and dismiss her allegations without prejudice. (*See id.*)

Next, the Magistrate Judge recommended that the Court dismiss the claims brought against Coleman and the MDOC in their official capacities. (*See id.*, PageID.130-131.) He explained that these claims failed because "a § 1983 claim for monetary relief against a state official sued in her official capacity or a state agency is barred by the Eleventh Amendment." (*Id.*, PageID.130.)

The Magistrate Judge then turned to the constitutional claims against Coleman in her individual capacity. (*See id.*, PageID.131-132.) He recommended that the Court deny Coleman's and the MDOC's motion with respect to these claims. He explained his reasoning as follows:

> The MDOC Defendants argue that Robinson's complaint fails to adequately allege Coleman's "personal involvement" in a constitutional violation, what his "theory of relief" is, and "what [] the alleged damages are." (ECF No. 25, PageID.71-72.) While Robinson's complaint is difficult to decipher, in light of the liberal review standards that apply, the MDOC Defendants' argument lacks merit.
>
> Robinson alleges that Coleman intentionally lied to his probation officer about his conduct, and that this resulted in Robinson being charged with a probation violation and facing the possibility of his probation's revocation. Robinson provides the date when the alleged conduct occurred (August 14, 2019), the approximate date when his probation agent advised him of the allegations Coleman was making against him ("a couple [of] weeks later"), how Colman advised Robinson's probation agent (via email), the specific allegation Coleman made against him (that he behaved "aggressive[ly] toward [Coleman]"), and the fact that Coleman's allegedly false assertion resulted in him being subjected to a probation violation charge. (ECF No.1, PageID.5.) Robinson asserts that as a result of having to face down this false probation violation charge, on which he ultimately prevailed, he is entitled to $500,000.00 in monetary relief. (ECF No. 1, PageID.5.)
>
> The MDOC defendants did not argue that such allegations cannot satisfy the elements of Robinson's constitutional claims, and instead merely made vague reference to legal principles that are inapposite, such as that a state actor cannot be liable under Section 1983 for failing to act, and that there is no "supervisory" or respondeat superior liability under Section 1983. (ECF No. 25, PageID.70-71.) As these legal principles have no application here, the MDOC Defendants are entitled to no relief based on their "lack-of-personal-involvement" argument. Accordingly, this aspect of their instant motion should be denied.

(*Id.*)

The Magistrate Judge next addressed Robinson's claims under WICA and his claims against the Probation Department. (*See id.*, PageID.133-134.) The Magistrate Judge concluded that both of these claims were subject to summary dismissal. He explained that Robinson had failed to state a viable claim under WICA because that claim may only be brought in the Michigan Court of Claims and cannot be brought in this forum. (*See id.*, PageID.133.) He then recommended dismissing the claims against the Probation Department because that entity was not subject to suit under Section 1983. (*See id.*)

Finally, the Magistrate Judge recommended that the Court decline to exercise supplemental jurisdiction over Robinson's libel and slander claims because they were, "at best only tangentially related to the sole remaining claim[s] in this case" (*i.e.*, the constitutional claims against Coleman in her individual capacity). (*See id.*, PageID.134.)

At the conclusion of the R&R, the Magistrate Judge informed the parties that if they wanted to seek review of the recommendation, they needed to file specific objections with the Court within fourteen days. (*See id.*, PageID.135.)

## II

When a party objects to a portion of a Magistrate Judge's report and recommendation, the Court reviews that portion *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *see also Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich.

6

2004). The Court has no duty to conduct an independent review of the portions of a report and recommendation to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). In addition, the failure to file objections to a report and recommendation waives any further right to appeal. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

### III

Coleman and the MDOC filed an objection the R&R on February 16, 2021. (*See* Objection, ECF No. 42.) In that objection, they do not specifically identify any legal errors made by the Magistrate Judge. Instead, they raise an entirely new argument that was not squarely presented in their motion to dismiss: that Robinson had "failed to allege sufficient facts to sustain a *constitutional claim* against Coleman." (*Id.*, PageID.168; emphasis in original). Coleman and the MDOC insist that Robinson's allegations are difficult to "decipher," and they say that he has "failed to allege elements to sustain a procedural due process claim." (*Id.*, PageID.169.)

Coleman's and the MDOC's objection fails because it presents an argument that they had not previously raised before the Magistrate Judge. As the Sixth Circuit has explained, "while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling

reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000). *See also AES-Apex Emp'r Servs., Inc. v. Rotondo*, 924 F.3d 857, 867 (6th Cir. 2019) ("[A] district court never abuses its discretion when it holds that an issue not actually presented to a magistrate judge is forfeited"). Here, as the Magistrate Judge pointed out, in the motion to dismiss, Coleman and MDOC "did not argue that [Robinson's] allegations [did not] satisfy the elements of [his] constitutional claims." (R&R, ECF No. 35, PageID.132.) Instead, they argued that Coleman was not "personally involved in the activity that forms the basis of the complaint" and could not held liable on a "respondeat superior" theory. (Mot. to Dismiss, ECF No. 25, PageID.70.) They further argued that Robinson had failed to allege how "Coleman's alleged lies damaged Robinson in any way." (*Id.*, PageID.71.) Simply put, because Coleman and the MDOC did not squarely raise the argument presented in their objection before the Magistrate Judge, they are not entitled to relief based on that argument now. And they have not otherwise shown that they are entitled to dismissal of Robinson's constitutional claims brought against Coleman in her individual capacity.[1]  Their objection is therefore **OVERRULED**.

---

[1] As the Magistrate Judge explained, Robinson *did* allege how Coleman was "personally involved" in the alleged misconduct, and he alleged how her alleged lies damaged him: he claims that she lied when she said that he had displayed aggressive behavior during their meeting, and he says that that lie led to a charge that he had violated his probation.

8

V

Neither Robinson nor Orme have objected to the Magistrate Judge's recommend striking of Orme's claims or the recommended dismissal of all of Robinson's claims except for his constitutional claims against Coleman in her individual capacity. The Court will therefore adopt the Magistrate Judge's recommended disposition of those claims.

VI

For all of the reasons explained above, **IT IS HEREBY ORDERED** as follows:

- Coleman's and the MDOC's objections to the R&R (ECF No. 42) are **OVERRULED**;

- The recommended disposition of the R&R (ECF No. 35) is **ADOPTED**;

- Coleman's and the MDOC's motion to dismiss (ECF No. 25) is **DENIED** with respect to Robinson's constitutional claims against Coleman in her individual capacity and **GRANTED** in all other respects;

- The claims brought by Orme are **DISMISSED**;

- Coleman's claims against the Probation Department are **DISMISSED**;

- Coleman's WICA claim is **DISMISSED**; and

- The Court declines to exercise supplemental jurisdiction over, and therefore **DISMISSES**, Coleman's libel and slander claims.

The only remaining claims in this action are Robinson's constitutional claims against Coleman in her individual capacity.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 20, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 20, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764