UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN ROBINSON,

                Plaintiff,                Civil Action No. 20-10502

v.                                              Matthew F. Leitman
                                               United States District Judge

KATRINA COLEMAN,                David R. Grand
                                                United States Magistrate Judge
                Defendant.
_____/

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 1) PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b), AND TO DENY AS MOOT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 53)**

**I.    PROCEDURAL HISTORY**

*Pro se* plaintiff Calvin Robinson ("Robinson") brings this civil rights action pursuant to 42 U.S.C. § 1983 against Katrina Coleman ("Defendant") in her individual capacity for alleged violations of his Eighth and Fourteenth Amendment rights. (ECF No. 1; *see also* ECF No. 45). This case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636. (ECF No. 21).

On December 29, 2021, Defendant filed a motion for summary judgment and brief in support. (ECF No. 53). Pursuant to E.D. Mich. LR 7.1, Robinson's response to this motion was due on or before January 19, 2022. However, on February 24, 2022, when Robinson had not filed a response to Defendant's motion, the Court issued an Order directing Robinson to show cause, in writing, on or before **March 18, 2022**, why this Court

should not recommend that Defendant's motion be granted and/or that Robinson's claims be dismissed. (ECF No. 56). Alternatively, Robinson was permitted to file a response to Defendant's motion by **March 18, 2022.** (*Id.*). Robinson was specifically warned that, "Failure to timely and adequately respond in writing to this Order to Show Cause, or to timely file a response to Defendant's motion, may result in a recommendation that Defendant's motion be granted and/or that Robinson's claims be dismissed under Fed. R. Civ. P. 41(b)." (*Id.*, PageID.354-55).

On March 24, 2022, when Robinson did not respond to the Court's Order to Show Cause, the Court issued a final Order to Show Cause, ordering Robinson to show cause, in writing, why this case should not be dismissed for his failure to file a response to the Defendant's motion for summary judgment. (ECF No. 58). The Court specifically warned that it would give him "one final opportunity" to file his "response to this Order, and any response he wishes to file to the Defendant's motion, [] before **April 6, 2022**. Robinson's failure to file such materials by **April 6, 2022**, **will result in a recommendation that Defendant's motion be granted and/or that Robinson's claims be dismissed under Fed. R. Civ. P. 41(b)**." (*Id.*, PageID.359). A review of the docket indicates that Robinson has neither responded in writing to the Court's Orders to Show Cause, nor filed a response to Defendant's motion.[1]

---

[1] Neither of the Court's Orders to Show Cause (which were served by mail on Robinson) have been returned to the Court as undeliverable.

2

## II. ANALYSIS

Federal Rule of Civil Procedure 41 governs dismissals of actions. As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Id.* at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. In other words, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (citing *Carver v. Bunch*, 946

3

F.2d 451, 453 (6th Cir.1991)).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). All of the factors favor dismissal here. The Court warned Robinson that his case would be dismissed with prejudice if he failed to file a response to Defendant's motion for summary judgment or a response to the Court's Orders to Show Cause. (ECF Nos. 56, 58). Yet Robinson failed to respond, meaning that the first[2] and third factors weigh in favor of dismissal. As to the second factor, the Defendant is prejudiced by having this action pending against her without it being advanced to a timely conclusion due to Robinson's apparent abandonment of his claims. Finally, given Robinson's failure to file responses as ordered, the Court sees no utility in considering or imposing a lesser sanction. Thus, all of the factors weigh in favor of dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural

---

[2] With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*.

deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)).  Here, for the reasons discussed above, Robinson has "engaged in a clear pattern of delay" by failing to comply with orders of the Court and by failing to file papers necessary for the prosecution of his claims.  Under these circumstances, dismissal is appropriate.  *See* Fed. R. Civ. P. 41(b).

### III. RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Robinson's complaint **(ECF No. 1)** and his claims against Defendant Katrina Coleman be **DISMISSED WITH PREJUDICE,** and that Defendant's Motion for Summary Judgment **(ECF No. 53)** be **DENIED AS MOOT**.

Dated: April 25, 2022            s/David R. Grand
Ann Arbor, Michigan              DAVID R. GRAND
                                 United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file

5

specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 25, 2022.

                                                             s/Eddrey O. Butts
                                                             EDDREY O. BUTTS
                                                             Case Manager