UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN ROBINSON,

    Plaintiff,

v.

                                    Case No. 20-cv-10502
                                    Hon. Matthew F. Leitman

KATRINA COLEMAN,

    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S
## MOTION FOR RELIEF FROM JUDGMENT (ECF No. 63)

On February 27, 2020, Plaintiff Calvin Robinson filed this action under 42 U.S.C. § 1983 against Defendants Katrina Coleman, the Genesee County 7th Circuit Court Probation Department, and the Michigan Department of Corrections. (*See* Compl., ECF No. 1.) Robinson brought claims for libel, slander, violations of his Eighth and Fourteenth Amendment rights, and violation of Michigan's Wrongful Imprisonment Compensation Act, Mich. Comp. Laws § 691.1751. (*See id.*)

On December 29, 2021, Coleman filed a motion for summary judgment. (*See* Mot., ECF No. 53.) Robinson's response to the motion was due on January 19, 2022, but he did not file a response by that date. A month later, Robinson had still not responded to the motion. Accordingly, on February 24, 2022, the assigned Magistrate Judge issued an order to show cause directing Robinson, by no later than

1

March 18, 2022, to either (1) show cause "why this Court should not recommend that [Coleman's] motion for summary judgment be granted" or (2) file a response to Coleman's motion. (the "First Show Cause Order") (First Show Cause Order, ECF No. 56, PageID.354.)  The Magistrate Judge then warned Robinson that his "[f]ailure to timely and adequately respond in writing to [the First Show Cause Order], or to timely file a response to [Coleman's] motion, may result in a recommendation that [Coleman's] motion be granted and/or that Robinson's claims be dismissed under Fed. R. Civ. P. 41(b)." (*Id.*, PageID.354-355.)

Robinson did not respond to the First Show Cause Order.  The Magistrate Judge then issued a second show cause order in which he provided Robinson one final opportunity to respond to Coleman's summary judgment motion (the "Second Show Cause Order"). (*See* Second Show Cause Order, ECF No. 58.)  In the Second Show Cause Order, the Magistrate Judge ordered Robinson to respond to Coleman's motion by no later than April 6, 2022. (*See id.*, PageID.359.)  The Magistrate Judge then again warned Robinson, in bold and underlined text, that his "failure to file such materials by **April 6, 2022, will result in a recommendation that [Coleman's] motion be granted and/or that Robinson's claims be dismissed under Fed. R. Civ. P. 41(b)**." (*Id.*; emphasis in original).  Robinson did not respond to the Second Show Cause Order.

2

Given Robinson's lack of response to Coleman's motion for summary judgment, the First Show Cause Order, and the Second Show Cause Order, the Magistrate Judge issued a report and recommendation on April 25, 2022, in which he recommended that the Court (1) dismiss Robinson's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for "failing to comply with orders of the Court and by failing to file papers necessary for the prosecution of his claims" and (2) terminate Coleman's motion for summary judgment without prejudice as moot (the "R&R"). (R&R, ECF No. 59, PageID.364.) At the conclusion of the R&R, the Magistrate Judge informed the parties that if they wanted to seek review of his recommendation, they needed to file specific objections with the Court within fourteen days (*i.e.*, by no later than May 9, 2022). (*See id.*, PageID.302.)

Robinson did not file any objections to the R&R. Therefore, on May 12, 2022, the Court issued an order that adopted the recommended disposition of the R&R and dismissed Robinson's Complaint. (*See* Order, ECF No. 60.) The Court entered a judgment reflecting that ruling on the same day. (*See* Judgment, ECF No 61.)

On August 8, 2022, Robinson filed a motion for relief from judgment with the Court. (*See* Mot., ECF No. 63.) The motion, in its entirety, states as follows:

> I the Plaintiff Calvin Robinson move for a relief of Judgment under Fed Rules Civ Proc R 60(b) of Defendant's Summary Judgment because I was unaware of the motion and during the time the Court order my response I was incarcerated at the Genesee County Jail since 2-17-22 and was unaware of the orders to response.

3

>       Therefore I ask this Honorable Court to grant my motion
> for relief of judgment.

(*Id.*, PageID.373.)

The Court has carefully reviewed Robinson's motion and the record in this case, and for the reasons explained below, it **DENIES** the motion for two reasons.

First, to the extent that Robinson says that he was unable to respond to Defendants' summary judgment motion because he was unaware of the motion and/or he could not timely respond to the motion because he was incarcerated at the Genesee County Jail, Robinson is not entitled to relief. Defendants filed their motion on December 29, 2021, nearly two months *before* Robinson says that he was incarcerated. (*See* Mot., ECF No. 53.) And Defendants included a Certificate of Service with the motion attesting that the motion was served on Robinson by United States Mail at the address Robinson had provided the Court. (*See id.*, PageID.238.) Thus, Robinson would have had more than sufficient time to file a response to the motion before he was incarcerated. He did not. Nor did Robinson file a delayed response to the motion after his incarceration or request additional time to respond due to his incarceration. Robinson's incarceration therefore cannot excuse his failure to respond.

Second, to the extent that Robinson says that he "unaware" of the orders that the Court entered directing him to respond to Defendants' summary judgment motion, the fault for that lack-of-notice lies solely with Robinson. Shortly after

Robinson filed his Complaint, the Court informed him in writing that pursuant to Local Rule 11.2, he was required to "promptly file a notice with the Clerk and serve a copy of the notice on all parties whenever [his] address, e-mail address, phone number and/or other contact information changes." (*See* Notice, ECF No. 7, PageID.26, citing E.D. Mich. Local Rule 11.2.) The Court further warned Robinson that the "failure to promptly notify the court of a change in address or other contact information may result in the **dismissal** of [his] case." (*Id*.; emphasis in original). And Robinson clearly understood his obligation to inform the Court when his address changed. Indeed, Robinson filed a notice changing his mailing address on three separate occasions prior to February 2022. (*See* Notices, ECF Nos. 9, 26, and 38.) But after Robinson was incarcerated in February 2022, he did not change his address with the Court until August 8, 2022, nearly six months later.[1] (*See* Notice, ECF No. 62.) Had Robinson provided the Court his new address when he was incarcerated in February 2022, as Robinson knew and understood the Court's Local Rules required him to do, he would have received the Court's orders informing him of Defendants' motion and directing him to respond to that motion. Thus, any claimed lack of notice is Robinson's own fault.

---

[1] Robinson filed his notice changing his address on the same day that he filed his motion for relief from judgment.

For all of the reasons explained above, Robinson has not persuaded the Court that he is entitled to relief. Robinson's motion for relief from judgment (ECF No. 63) is therefore **DENIED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 23, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 23, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126